**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | No. 10-36133 |
| Plaintiff,<br>and | D.C. No. CV 07 00923 MJP |
| AMERICAN GUARANTEE &<br>LIABILITY INSURANCE COMPANY, | MEMORANDUM[*] |
| Plaintiff - Appellant<br>v. | |
| WESTCHESTER SURPLUS LINES<br>INSURANCE COMPANY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted August 30, 2011
Seattle, Washington

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

_____

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

American Guarantee & Liability Insurance Company ("American Guarantee") appeals from the district court's judgment, following a bench trial, in favor of Westchester Surplus Lines Insurance Company ("Westchester") and Royal Insurance Company ("Royal"), in this "additional insured" insurance coverage dispute.[1]  The district court concluded that Northwest Tower Crane Services ("Northwest"), a subcontractor at a large construction site, did not enter into a contract requiring Northwest to add Bellevue Master LLC ("Bellevue Master") as an additional insured on Northwest's liability insurance policies.[2]  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We reverse.

"We review the district court's findings of fact after a bench trial for clear error and review the district court's conclusions of law *de novo*."  *Bertelsen v. Harris*, 537 F.3d 1047, 1056 (9th Cir. 2008).  The interpretation of an insurance contract is a question of law that is reviewed *de novo*.  *Holden v. Farmers Ins. Co. of Wash.*, 239 P.3d 344, 347 (Wash. 2010) (citations omitted).  The district court erred when it concluded that Northwest did not agree in a contract to make

---

[1]  Because the parties are familiar with the facts of the case, we repeat them here only as necessary to explain our decision.

[2]  Both parties agree that if the Westchester policy covers Bellevue Master, the Royal surplus policy also applies.  Thus, this decision principally discusses the Westchester policy.

Bellevue Master an additional insured. "A unilateral contract exists when one party offers to do a certain thing in exchange for the other's performance, and performance by the other party constitutes acceptance." *Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*, 145 P.3d 1253, 1258 (Wash. Ct. App. 2006) (citing *Knight v. Seattle First Nat'l Bank*, 589 P.2d 1279 (Wash. 1979)). The fax from Bellevue Master to Northwest on February 22, 2001 was an offer: Northwest would be able to continue working as a subcontractor at the construction project provided it complied with Bellevue Master's insurance requirements. When it contacted its insurance broker and requested that the broker issue the insurance certificate to Bellevue Master, Northwest accepted the unilateral contract.

The contract for insurance between Northwest and Bellevue Master was fully executed prior to loss, as was required for Bellevue Master to be covered under the Westchester and Royal policies. This is the case regardless of whether we look to the legal definition or to the plain and ordinary meaning of the term "executed." Black's Law Dictionary provides two meanings for "executed": a written and signed contract, or a contract that has been fully performed by both parties. (9th ed. 2009). Under Washington law, undefined contractual terms must be given their "plain, ordinary, and popular" meaning. *Boeing Co. v. Aetna Cas. and Sur. Co.*, 784 P.2d 507, 511 (Wash. 1990) (citing *Farmers Ins. Co. v. Miller*,

3

549 P.2d 9 (Wash. 1976) and *Prudential Property & Cas. Ins. Co. v. Lawrence*, 724 P.2d 418 (Wash. Ct. App. 1986)). The ordinary meaning of terms should be determined by looking to standard English dictionaries. *Id.* The Oxford English Dictionary defines "executed" as "carried out, performed, practised, inflicted." (2d ed. 1989). Bellevue Master made an offer which Northwest accepted through performance. The contract was executed.

The additional insured coverage of the Westchester policy applies only to liability arising out of Northwest's "ongoing operations" performed for Bellevue Master. Washington courts have interpreted such clauses and have found that "the endorsement evinces an intent to provide coverage to the additional insured only for liability that arises while the work is still in progress," such as in the "course of construction work site accident involving bodily injury or property damage." *Hartford Ins. Co. v. Ohio Cas. Ins. Co.*, 189 P.3d 195, 201–02 (Wash. Ct. App. 2008). The manlift work at issue occurred in the course of Northwest's work at the same construction project involved in Northwest's and Bellevue Master's earlier contracted work: the Lincoln Square Project. Thus, the work was covered by the "ongoing operations" clause.

Appellees argue that Northwest, when it performed the work at issue in this case, was working pursuant to a contract with another Bellevue Master

4

subcontractor, so any additional insured coverage for Bellevue Master does not apply. We reject this argument. Bellevue Master contacted Northwest directly to perform the work at issue. Northwest accepted the offer, performed the work, and was paid directly by Northwest. Each party to bear its own costs on appeal.

**REVERSED.**